UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kosher Supervision Services Inc. and<br>Kosher Supervision Services Inc. d/b/a<br>Kof-K Kosher Supervision,<br><br>Plaintiff,<br><br>-against-<br><br>Williams Sonoma, Inc.,<br><br>Defendants. | Civil Action No.:<br><br>**VERIFIED COMPLAINT** |

Plaintiffs Kosher Supervision Services Inc. and Kosher Supervision Services Inc. d/b/a Kof-K Kosher Supervision (hereinafter "Plaintiffs" or "Kof-K") by and through their attorneys, Law Offices of Jan Meyer & Associates, by way of Complaint against Williams Sonoma, Inc., [hereinafter "Defendants"] for acts of trademark infringement, false designation of origin, dilution, unfair competition and deceptive trade practices, arising out of Williams Sonoma's unauthorized use of Kof-K's registered certification mark on Williams Sonoma's products and websites, by way of Complaint against Defendants, Plaintiff alleges as follows:

## THE PARTIES

1.  Plaintiffs Kof-K are a corporation formed under the laws of the State of New Jersey, having it's principal place of business at 201 The Plaza, Teaneck, New Jersey 07666.

2.  Defendant Williams Sonoma, Inc. is a corporation formed under the laws of the State of California, having it's principal place of business at 3250 Van Ness Avenue, San Francisco, California 94109.

3. Williams Sonoma, Inc. is in the business of producing, packaging and distributing products for the home, including but not limited to pantry gift sets. Williams Sonoma markets it products through it's website williams-sonomainc.com and through the use of retail stores.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this dispute arises under the laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b), in that this dispute arises under the Lanham Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

5. This Court may exercise personal jurisdiction over Williams Sonoma, Inc., because it has distributed its products nationally, through its website and its network of retail stores nationwide. Williams Sonoma, Inc. has also caused harm to Kof-K within the State of New Jersey.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of New Jersey.

## FACTUAL BACKGROUND

7. Kof-K provides kosher product certifications that are trusted and recognized throughout the world. In Hebrew, the word "kosher" means fit or proper, and is used to describe certain food items that are prepared in accordance with special Jewish dietary laws. The market for kosher foods is vast and reaches beyond those who are of the Jewish faith. Many Seventh-day Adventists, vegetarians, vegans, those that are lactose-intolerant, and

health-conscious consumers consume kosher foods due to the higher standards of quality and stringent ingredient control under which they are produced and manufactured. According to several sources, the kosher consumer market was estimated in 2010 to include more than 14 million kosher consumers.

8. For foods to be considered kosher, all of the ingredients and sub-units in a food product must conform to the Jewish dietary laws. If even one non-kosher ingredient is used in a food product, that can render the entire product unsuitable. Additionally, foods have to be processed on kosher equipment in order for the food items to be declared kosher. Pronouncing certain food products as kosher involves a meticulous examination of the products themselves to determine whether each of the individual ingredients, and all of the products and processes related to the foods preparation meet the very strict standards and highest level of quality demanded by kosher laws

9. Consumer and other purchasers are generally unable to determine whether food products are kosher by simply reading the ingredient panels on the labels of the food products. Food products can contain ingredients that may be considered kosher or non-kosher depending on the source of supply. Glycerins can be either of animal or vegetable origins; vegetable-based glycerins are generally considered kosher, while the animal-based glycerins are generally not considered kosher. Many ingredients contain subunits that are not detailed on the ingredient panels. As an example, flavors are composed of scores of ingredients, but only the word "flavor" may appear on the ingredient label. Furthermore, consumers or other purchasers cannot easily determine whether a product was produced on equipment that is either kosher or non-kosher.

10. Due to the complexity of kosher laws, and the inability of consumers and other

purchasers to determine whether a food product is kosher, consumers and other purchasers rely upon the certification of agencies like Kof-K, which provide kosher supervision and guidance.

11. Kof-K is the sole and exclusive owner of the kosher certification mark ⌧ (the "Kof-K mark"). Since at least 1971, the Kof-K mark has been used on thousands of food and food-related products as an indicator that such products have been certified as kosher by Kof-K. Kof-K has spent considerable money, time and energy promoting its certification services and its Kof-K mark. The Kof-K mark is the central feature of the Kof-K's promotional efforts. The Kof-K mark has achieved a high degree of consumer recognition and has become famous as one of the most widely recognized indicators of kosher foods throughout the world. Kosher and non-kosher consumers recognize the Kof-K mark as a symbol of integrity, trustworthiness and reliability.

12. The Kof-K mark is federally registered, Registration Nos. 927,067 and Serial No. 389,770. A true and correct copy of the Certificate of Registration for the Kof-K mark is attached hereto as **Exhibit A**.

13. On or before December 19, 2017, it was brought to the attention of the Plaintiffs that Defendants were utilizing the Kof-K mark on their products being sold in the marketplace. Please see images attached as **Exhibit B**.

14. Plaintiffs and Defendants had never entered into a contract whereby Defendants would receive Kosher certification and permission to utilize the Kof-K mark on their products.

15. Plaintiffs never approved any of Defendants products as certified kosher or permitted the use of the Kof-K mark on any of their food products.

16. On or before December 19, 2017, Defendant's products bearing the unauthorized Kof-K mark were still avilable for sale in Defendant's stores and available through their web portals.

17. At no time since the Plaintiff was informed about the unauthorized use of the Kof-K mark by the Defendants, have any of the Defendants ever been granted permission to utilize the Kof-K mark on their products.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT AGAINST CORPORATE ENTITIES

18. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

19. William Sonoma's unauthorized use in commerce of Kof-K's Kof-K mark in connection with the production, sale, offering for sale, distribution, and/or advertising of William Sonoma, Inc.'s products has caused and is likely to cause confusion and/or mistake, or to cause deception as to the origin, sponsorship or approval of such goods by Kof-K, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

20. William Sonoma Inc.'s unauthorized use in commerce of Kof-K's Kof-K mark in connection with the production, sale, offering for sale, distribution, and/or advertising of William Sonoma Inc.'s, products was done with the knowledge that William Sonoma, Inc., lacked any authority to use the Kof-K mark. This unauthorized use of the Kof-K mark is intended to deceive consumers into believing that their products are kosher pursuant to Kof-K's standards. Therefore, Wiliam Sonoma Inc.'s conduct does constitute an intentional and willful use of a counterfeit mark, which falls within the meaning of 15 U.S.C. §§ 1114, 1116, and 1117.

21. William Sonoma, Inc's conduct has caused substantial injury to Kof-K, as well as to those kosher and non-kosher consumers who consumed and will continue to consume Pruvit's dietary and nutritious supplements mistakenly believing that those products are and were kosher under the supervision of Kof-K.

## COUNT II
## FALSE DESIGNATION OF ORIGIN, 15 U.S.C. 1125(a)

22. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

23. Defendant's unauthorized use in commerce of Kof-K's Kof-K mark in connection with the production, sale, offering for sale, distribution, and/or advertising of products constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which has caused and is likely to cause confusion, or to cause mistake, or to cause deception as to the affiliation, connection or association of Defendants with Kof-K, or as to the origin, sponsorship or approval by Kof-K of its products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

24. Defendants unauthorized use in commerce of the Kof-K mark in connection with the production, sale, offering for sale, distribution, and/or advertising of products constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which misrepresents the nature, characteristics, or qualities of its products, in further violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Upon information and belief, these false designations, descriptions and representations were made by Defendants with knowledge of their falseness, and no appropriate corrective action has been initiated by Defendants to remedy the infringement or to deal with the infringing products that have been placed in commerce that has been brought to

Defendant's attention. Defendant's continued false designation, description and representation (including the display of the Kof-K mark on their products labels) have been made by Defendants deliberately.

25. Defendant's conduct has caused substantial injury to Kof-K, as well as to those kosher and non-kosher consumers who consumed and will continue to consume Williams Sonoma's products mistakenly believing that those products are and were kosher under the supervision of Kof-K.

## COUNT III
### Dilution of Famous Mark Under 43(c) of Lanham Act, 15 U.S.C. 1125(c)

26. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

27. Kof-K's Kof-K mark is a famous mark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that the mark is distinctive, has been used for many years throughout the world and is widely recognized therein, has been widely advertised and publicized, and the Kof-K mark has not been used by any person or entity other than Kof-K.

28. After the Kof-K mark became famous, Defendants began using the mark in a manner that caused and continues to cause dilution of the distinctive quality of the mark.

29. Consumers have purchased William Sonoma, Inc.'s products that bear the Kof-K mark with the mistaken belief that such products were kosher and certified by Kof-K. These consumers are likely to no longer trust the Kof-K mark, and may cease to trust that mark as evidence that products have been properly certified as kosher by Kof-K in strict compliance with the Jewish dietary laws.

30. Defendant's conduct has caused substantial injury to Kof-K, as well as to those kosher and non-kosher consumers who consumed and will continue to consume

Williams Sonoma, Inc.'s products mistakenly believing that those products are and were kosher under the supervision of Kof-K.

## COUNT IV
### Common Law Unfair Competition and Trademark Infringement

31. Plaintiffs repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

32. By the wrongful actions described above, Defendants have violated and infringed upon Kof-K's common law rights in its Kof-K mark and have competed unfairly with the Kof-K under the common law of the State of New Jersey.

33. William Sonoma, Inc.'s conduct amounts to deceit. By passing off their goods as being certified as kosher by Kof-K, William Sonoma, Inc.'s conduct is likely to deceive and confuse the kosher consuming public. This deception is likely to generate profits that, but for said deception, William Sonoma, Inc., would not have received.

34. William Sonoma, Inc.'s continuing distribution and sale of their products, and their refusal to take any meaningful corrective actions with respect to its ongoing infringement are willful, and have caused and will continue to cause immediate, substantial and irreparable injury to Kof-K, which includes irreparable injury to the Kof-K mark, its reputation in the kosher consuming community and its goodwill. Additionally, William Sonoma, Inc.'s infringing acts have caused Kof-K to suffer damages.

35. Williams Sonoma's infringing and deceitful acts have caused and continue to cause substantial and irreparable injury to kosher and non-kosher food consumers, who unknowingly purchased their products that had not been certified as kosher by Kof-K, believing those products to be so certified, resulting in potential violations of those consumers' religious and/or dietary beliefs, as well as their personal dietary choices. Additionally, the

consumption of food products from the Defendants could have large health ramifications for consumers who eat kosher foods due to health reasons.

**WHEREFORE**, Kof-K respectfully requests that this Court:

A.  Award damages to Kof-K against all of the Defendants in an amount to be determined at trial;

B.  Issue an Order permanently enjoining the Defendants, including but not limited to William Sonoma, Inc., from any and all unauthorized uses of the Kof-K mark, and further direct William Sonoma, Inc. to take immediate corrective actions to remove the offending products from the marketplace and from their website, therefore remedying the continuous infringement of the Kof-K mark and in furtherance of preventing deception of the kosher consuming public;

C.  Order William Sonoma, Inc. to provide an accounting to Kof-K including any and all details regarding production, inventory, distribution, sale, and profits gained from their sale of products bearing the unauthorized Kof-K mark;

D.  Award damages to Kof-K against all of the Defendants in an amount of three times the amount of Kof-K's damages or William Sonoma, Inc.'s profits, whichever one is greater, pursuant to 15 U.S.C. § 1117 and/or award statutory damages to Kof-K pursuant to 15 U.S.C. § 1117(c) for William Sonoma, Inc.'s intentional and willful use of a counterfeit of the Kof-K mark;

E.  Award exemplary and punitive damages to Kof-K against all of the Defendants in an amount to be determined at trial;

F.  Declare this case to be an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), and award Kof-K costs and attorneys' fees against all of the Defendants, which

it incurred in connection with this action under 15 U.S.C. § 1117(a), and/or as otherwise permitted by law;

    G.    Award pre and post-judgment interest to Kof-K against all of the Defendants on all sums due from William Sonoma, Inc.;

    H.    Award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Kof-K respectfully requests trial by jury on all claims so triable.

Dated: December 19, 2017        Law Offices of Jan Meyer and Associates, P.C.

                                            /s/ Jan Meyer
                                            Jan Meyer, Esq.
                                            Attorney for Plaintiff(s)
                                            1029 Teaneck Road, Second Floor
                                            Teaneck, New Jersey 07666

## VERIFICATION

Rabbi Yehudah Rosenbaum, of full age, hereby certifies and states:

1. I am the Administrative Director of Plaintiffs, Kosher Supervision Services Inc. and Kosher Supervision Services Inc. d/b/a Kof-K Kosher Supervision, and as such, have knowledge of the facts of this matter and am authorized and empowered to make this verification.

2. I have reviewed the Verified Complaint and hereby verify that the statements made therein are true to the best of my knowledge, information and belief, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

Dated: December 26, 2017

Rabbi Yehudah Rosenbaum
Administrative Director
Kosher Supervision Services Inc. and
Kosher Supervision Services Inc. d/b/a
Kof-K Kosher Supervision